UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LENTORYA S. PARKER,

                    Plaintiff,                    CA: No. _____

    vs.

                                          **COMPLAINT AND
JURY DEMAND**

JONATHAN MARSH, DANIEL RIZZO,
EDWARD FIRST, ANDREW BOSTICK,
JOEL HASPER, JOHN DOES 1-5 and
CITY OF ROCHESTER,

                    Defendants.
_____

      Plaintiff LENTORYA S. PARKER (hereinafter "Plaintiff"), by and through her

attorneys, Burkwit Law Firm, PLLC, as and for her Complaint against Defendants

JONATHAN MARSH, DANIEL RIZZO, EDWARD FIRST, ANDREW BOSTICK, JOEL

HASPER, JOHN DOES 1-5 (hereinafter "The Defendant Officers") and CITY OF

ROCHESTER (hereinafter and collectively "Defendants"), alleges as follows:

## <u>INTRODUCTION</u>

    1.  This is an action for declaratory judgment and monetary damages for

violations of Plaintiff's constitutional rights brought pursuant to 42 U.S.C. 1983, 1988

and related New York State law claims. Plaintiff alleges that the Defendants, while

acting in their official capacities and under color of State law falsely arrested, illegally

searched and seized and used unlawful and excessive force against Plaintiff's person in

1

violation of the Fourth and Fourteenth Amendments to the United States
Constitution.

## JURISDICTION

2.   This action arises in part under 42 U.S.C. Section 1983 and accordingly, this
Court has original subject matter jurisdiction under 28 U.S.C. Section 1331. For all
remaining claims which do not present a federal question under 28 U.S.C. Section
1331, this Court has supplemental jurisdiction under 28 U.S.C. Section 1367.

3.   The causes of action alleged herein arise from the factual allegations
which occurred in this judicial district. All parties are domiciled within the Western
District of New York and therefore, this Court has personal jurisdiction over the
Defendants.

## VENUE

4.   Venue is proper in the United States District Court for the Western
District of New York pursuant to 28 U.S.C. Section 1391 because the events or
omissions giving rise to the claim occurred within this District and at all times relevant
herein, all parties resided within this District.

## PARTIES

5.   At all times relevant herein, Plaintiff was and still is a resident of the City of
Rochester, County of Monroe and State of New York.

6.   Defendant Jonathan Marsh (hereinafter "Defendant Marsh") is and at all times
relevant herein was a citizen of New York State residing in Monroe County and was
employed as a police officer with the City of Rochester Police Department.

7.   At all times relevant to this Complaint, Defendant Marsh was acting under

2

color of law and is sued in his individual and official capacities as a police officer for the
Defendant City of Rochester.

8.  Defendant Daniel Rizzo (hereinafter "Defendant Rizzo") is and at all times
relevant herein was a citizen of New York State residing in Monroe County and was
employed as a police officer with the City of Rochester Police Department.

9.  At all times relevant to this Complaint, Defendant Rizzo was acting under
color of law and is sued in his individual and official capacities as a police officer for the
Defendant City of Rochester.

10. Defendant Edward First (hereinafter "Defendant First") is and at all times
relevant herein was a citizen of New York State residing in Monroe County and was
employed as a police officer with the City of Rochester Police Department.

11. At all times relevant to this Complaint, Defendant First was acting under color
of law and is sued in his individual and official capacities as a police officer for the
Defendant City of Rochester.

12. Defendant Andrew Bostick (hereinafter "Defendant Bostick") is and at all times
relevant herein was a citizen of New York State residing in Monroe County and was
employed as a police officer with the City of Rochester Police Department.

13. At all times relevant to this Complaint, Defendant Bostick was acting under
color of law and is sued in his individual and official capacities as a police officer for the
Defendant City of Rochester.

14. Defendant Joel Hasper (hereinafter "Defendant Hasper") is and at all times
relevant herein was a citizen of New York State residing in Monroe County and was
employed as a police officer with the City of Rochester Police Department.

15. At all times relevant to this Complaint, Defendant Hasper was acting under
color of law and is sued in his individual and official capacities as a police officer for the
Defendant City of Rochester.

16. Defendants JOHN DOES 1-5 (hereinafter "The Doe Defendants"), individuals

whose names are currently unknown to Plaintiff, are citizens of New York State who were employed by and served as police officers for Defendant City of Rochester.

17. The Doe Defendants are unknown police officers who were involved in the September 15, 2016 arrest and/or use of force on Plaintiff.

18. At all times relevant to this Complaint, The Doe Defendants were acting under color of law and are sued in their individual capacities and official capacities as police officers for the Defendant City of Rochester.

19. At all times material to the allegations in this Complaint, Defendants were acting under color of State law as police officers for Defendant City of Rochester.

20. Defendant City of Rochester is and at all times relevant herein, was and still is a municipal corporation duly organized and existing under the laws of the State of New York with its principal place of business in the County of Monroe, State of New York.

21. Defendant City of Rochester is a political subdivision of the State of New York for which at all times relevant to this Complaint, Defendants were employed by and served as police officers.

22. On or about October 20, 2016, Defendant City of Rochester was served with a Verified Notice of Claim detailing its culpability and Plaintiff's damages.

23. Defendant City of Rochester has failed and refused to make payment to Plaintiff in accordance with said Verified Notice of Claim.

24. At least thirty (30) days have elapsed since the service of the Verified Notice of Claim upon Defendant City of Rochester and adjustment of payment thereof has been neglected or refused by Defendant City of Rochester.

## **FACTS**

25. On September 15, 2016 between approximately 4:30 p.m. and 5:30 p.m.,

Plaintiff was in the vicinity of 19 Hollenbeck Street in the City of Rochester, County of Monroe and State of New York.

26. On September 15, 2016 between approximately 4:30 p.m. and 5:30 p.m., Plaintiff was in the vicinity of 19 Hollenbeck Street, Rochester, New York to pick up her six (6) year old daughter who was attending daycare at said location.

27. On September 15, 2016 between approximately 4:30 p.m. and 4:45 p.m., Plaintiff went to a store on the corner of Hollenbeck Street and Avenue A to purchase her daughter a snack.

28. After Plaintiff purchased her daughter a snack at the store, she proceeded to walk towards 19 Hollenbeck Street, Rochester, New York to pick up her daughter when she observed her boyfriend getting arrested by City of Rochester police officers on Hollenbeck Street.

29. When Plaintiff was on the sidewalk and saw City of Rochester police officers arresting her boyfriend on Hollenbeck Street, Plaintiff asked the officers "What are you doing?".

30. When Plaintiff asked the City of Rochester police officers "What are you doing?", a City of Rochester police officer directed Plaintiff to get off the sidewalk.

31. After Plaintiff was directed by a City of Rochester police officer to get off the sidewalk, Plaintiff remained on the sidewalk stating she had the right to be there.

32. When Plaintiff stated that she had the right to remain on the sidewalk, Defendant Marsh told Plaintiff "Leave or you're going to jail".

33. After Defendant Marsh told Plaintiff "Leave or you're going to jail", Plaintiff

replied "I'm not going to jail" and she thereafter turned around and started walking into the gated entrance at 19 Hollenbeck Street to get her daughter at daycare.

34. Upon information and belief, Defendant Hasper then directed Defendant Marsh to place Plaintiff under arrest.

35. After Plaintiff said "I'm not going to jail" and after she turned around and was walking into the gated entrance at 19 Hollenbeck Street, Defendant Marsh stated "It's too late" and he thereafter grabbed Plaintiff's right wrist from behind, lifted her arm up and tackled her down to the ground and landed Plaintiff on her back.

36. After Defendant Marsh tackled Plaintiff down to the ground, he used both of his hands and rolled Plaintiff onto her stomach.

37. After Plaintiff was rolled onto her stomach by Defendant Marsh, Plaintiff was pepper sprayed and/or maced at least three (3) times by Defendant Marsh and/or one or more of The Defendant Officers.

38. Plaintiff, who is asthmatic, could not breathe when she was maced by The Defendant Officers.

39. When Plaintiff was tackled to the ground and arrested by The Defendant Officers, one of The Defendant Officers drove his knee into Plaintiff's back.

40. Plaintiff was arrested and placed in handcuffs by The Defendant Officers and was charged with Obstructing Governmental Administration in the Second Degree in violation of Penal Law §195.05, Resisting Arrest in violation of Penal Law §205.30, Disorderly Conduct in violation of Penal Law §240.20, Harassment in the Second Degree in violation of Penal Law §240.26 and Unlawful Possession of Marijuana in violation of Penal Law §221.05 based upon her search incident to arrest.

6

41. Upon information and belief, the accusatory informations/complaints which were filed by Defendant Marsh contained false and fabricated allegations in an effort to justify the criminal charges against Plaintiff.

42. Upon information and belief, Defendants First, Bostick and Marsh participated in placing Plaintiff into handcuffs.

43. Upon information and belief, Defendant Rizzo conducted the search of Plaintiff incident to her arrest.

44. Following her arrest, Plaintiff was placed in the back seat of Defendant Marsh's police car.

45. After Plaintiff was placed in the back seat of Defendant Marsh's police vehicle by The Defendant Officers, Defendant Marsh falsely accused Plaintiff of breaking his glasses which Plaintiff denied.

46. After Plaintiff was placed in Defendant Marsh's police vehicle, Defendant Marsh and/or another Defendant police officer told Plaintiff that she would be maced again if she did not give her address to said officers.

47. Plaintiff was never read her Miranda rights prior to her arrest and after being placed in the police vehicle.

48. After Plaintiff was placed in the back of a Rochester Police Department vehicle, a Rochester Police officer gave a small bear to Plaintiff's six (6) year old daughter and said out loud "Sorry your mom is an animal".

49. Upon information and belief, Plaintiff remained handcuffed in the back of a

Rochester Police Department vehicle for approximately 45 minutes before she was transferred over to a police truck and then transported to Monroe County Jail where she remained incarcerated overnight.

50. On or about September 16, 2016, Plaintiff was arraigned on the criminal charges noted in paragraph 40 above in Rochester City Court and Plaintiff was released on her own recognizance.

51. On or about August 2, 2016, after several Court appearances and/or hearings, Rochester City Court Judge Caroline Morrison dismissed all charges in paragraph 40 above against Plaintiff since probable cause did not exist to charge Plaintiff with said crimes and violations.

52. Plaintiff took no actions to justify her arrest, search and seizure and use of force upon her person.

53. As a result of the aforedescribed incident and the use of unlawful, unreasonable and excessive force upon Plaintiff by Defendants, Plaintiff suffered a left elbow contusion/abrasion, a back contusion/abrasion, bilateral arm and shoulder pain, back pain, burning to her eyes from being maced and/or pepper sprayed, general body soreness together with other physical and psychological injury.

54. Upon information and belief, The Defendant Officers were never reprimanded, suspended or terminated from their employment with Defendant City of Rochester following the false arrest and use of unlawful force used against Plaintiff and upon information and belief, said officers remain on full time active duty patrol as City of Rochester Police officers.

55. As a direct and proximate result of the alleged actions of the Defendants, Plaintiff has suffered physical and mental injuries, pain and suffering and other damages in an amount that will be established at trial.

56. Plaintiff is entitled to compensation for the constitutional harms and State law violations that Defendants inflicted upon her.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANTS JONATHAN MARSH, DANIEL RIZZO, EDWARD FIRST, ANDREW BOSTICK, JOEL HASPER AND JOHN DOES 1-5 FOR ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF**

57. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 56 above and incorporates them by reference as if set forth in their entirety herein.

58. The Defendant Officers herein illegally searched and seized Plaintiff's person without probable cause or reasonable suspicion that a crime has been or was being committed in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

59. By the actions described in paragraphs 1 through 58 above, The Defendant Officers herein, without a warrant or without probable cause and while acting under color of law, arrested Plaintiff and deprived her of certain constitutionally protected rights to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law and the right to be free from false arrest, all in violation of 42 U.S.C. Section 1983 and her Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

60. The Defendant Officers herein were acting under color of state law when they, without probable cause or reasonable suspicion that a crime has been or was being committed, exercised their authority as police officers by falsely arresting, searching and seizing Plaintiff who was at all times acting in a lawful manner.

61. As a direct and proximate cause of the illegal search and seizure of Plaintiff by the The Defendant Officers herein, Plaintiff suffered and continues to suffer

physical and mental injuries and other damages in an amount that will be established at trial.

62. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

63. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce her rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

64. The Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

**VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANTS JONATHAN MARSH, DANIEL RIZZO, EDWARD FIRST, ANDREW BOSTICK, JOEL HASPER AND JOHN DOES 1-5 FOR USE OF EXCESSIVE FORCE AGAINST PLAINTIFF**

65. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 64 above and incorporates them by reference as if set forth in their entirety herein.

66. Based upon the aforedescribed conduct, The Defendant Officers herein illegally used excessive force under the circumstances against Plaintiff in violation of her Fourth Amendment right to be secure in her person from unreasonable seizures.

67. The Defendant Officers' conduct under the circumstances was an excessive use of force on Plaintiff which a reasonable officer in their position would not have used under the circumstances.

68. As a direct and proximate cause of the excessive use of force by The Defendant Officers herein, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

69. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

70. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce her rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

71. The Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT III

### BATTERY BY DEFENDANTS JONATHAN MARSH, DANIEL RIZZO, EDWARD FIRST, ANDREW BOSTICK, JOEL HASPER, JOHN DOES 1-5 AND CITY OF ROCHESTER

72. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 71 above and incorporates them by reference as if set forth in their entirety herein.

73. The aforesdescribed actions of Defendants herein constitute an intentional battery upon Plaintiff's person.

74. Defendants herein committed a battery upon Plaintiff's person by directing and using force against Plaintiff's person without her consent.

75. Defendant Marsh committed a battery against Plaintiff's person by grabbing

Plaintiff's wrist from behind, by lifting up on her arm, by tackling Plaintiff down to the ground, by using both hands and rolling Plaintiff onto her stomach, by pepperspraying and/or macing Plaintiff, by restraining Plaintiff and placing handcuffs on her and physically taking her into police custody.

76. Defendant Rizzo committed a battery against Plaintiff's person by restraining Plaintiff, by searching her person incident to her arrest and by physically taking Plaintiff into police custody.

77. Defendants First and Bostick committed a battery against Plaintiff's person by restraining Plaintiff, by placing handcuffs on her person by pepper spraying and/or macing Plaintiff and/or by physically taking Plaintiff into police custody.

78. The Defendant Officers commit a battery against Plaintiff's person by using physical force against her person, by restraining her person, by pepper spraying and/or macing Plaintiff, by driving a knee into the Plaintiff's back and taking her into custody.

79. The battery committed by Defendants upon Plaintiff was without provocation by Plaintiff and without her consent.

80. As a direct and proximate result of the battery committed upon her person by Defendants, Plaintiff suffered severe and permanent physical and mental injuries and damages in an amount to be determined at trial.

81. Defendant City of Rochester is liable under the doctrine of Respondeat Superior for the acts and omissions of its employees and/or agents, The Defendant Officers herein, who were purporting to act or were acting in the course and scope of their employment as police officers with Defendant City of Rochester when the alleged battery was committed upon Plaintiff's person.

82. The Defendants' actions were malicious, oppressive, reckless, wanton

and in willful disregard of Plaintiff's rights that Plaintiff claims punitive damages against

Defendants herein in an amount to be determined at trial commensurate with the

wrongful acts alleged herein.

## COUNT IV

### ASSAULT BY DEFENDANTS JONATHAN MARSH, DANIEL RIZZO, EDWARD FIRST, ANDREW BOSTICK, JOEL HASPER, JOHN DOES 1-5 AND CITY OF ROCHESTER

83. The Plaintiff repeats and realleges the allegations set forth in paragraphs

1 through 82 above and incorporates them by reference as if set forth in their entirety

herein.

84. The aforedescribed actions of Defendants herein constitute an intentional

assault upon Plaintiff's person.

85. Defendants intentionally placed Plaintiff in fear of imminent, harmful or offensive

contact when Defendants directed Plaintiff be placed under arrest, when The Defendant

Officers grabbed Plaintiff from behind, lifted up her arm, tackled her to the ground, rolled

Plaintiff onto her stomach, pepper sprayed and/or maced Plaintiff, used force in

restraining and placing handcuffs on Plaintiff, by searching Plaintiff's person and

physically taking her into police custody.

86. Defendants intentionally placed Plaintiff in fear of imminent, harmful or offensive

contact when Defendant Marsh and/or another Defendant officer told Plaintiff that she

would be maced again if she did not give her address.

87. The Defendants herein made intentional attempts, displayed by violence

or threatening gesture, to do injury to or commit a battery upon Plaintiff's person.

88. The assault committed upon Plaintiff by Defendants herein was without provocation by Plaintiff.

89. Defendant City of Rochester is liable under the doctrine of Respondeat Superior for the acts and omissions of its employees and/or agents including the Defendants herein who were purporting to act or were acting in the course and scope of their employment as police officers with Defendant City of Rochester when the alleged assault was committed upon Plaintiff's person.

90. As a direct and proximate result of the assault committed upon her person, Plaintiff suffered severe and permanent injuries and damages in an amount to be determined at trial.

91. The Defendants' actions were malicious, reckless, wanton and in wilful disregard of Plaintiff's rights that Plaintiff claims punitive damages against Defendants in an amount to be determined at trial commensurate with the wrongful acts alleged herein.

**WHEREFORE,** Plaintiff Lentorya S. Parker prays for judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages in the form of general and special damages against all Defendants, jointly and severally, in an amount that has yet to be ascertained and according to the proof to be determined at trial;

2. Punitive damages against all individual Defendants in an amount to be determined at trial;

3. Declaratory judgment declaring that Plaintiff Lentorya S. Parker's constitutional rights to be free from unlawful arrest, search, seizure and excessive force under the Fourth and Fourteenth Amendments were violated by the Defendant officers;

4. Reasonable costs of this suit incurred herein;

5.  An award of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; and

6. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Dated: September 5, 2017

                                    Respectfully submitted,

                                    **BURKWIT LAW FIRM, PLLC**


                                     s/Charles F. Burkwit, Esq.
                                    Charles F. Burkwit, Esq.
                                    Attorneys for Plaintiff Lentorya S. Parker
                                    16 East Main Street, Suite 450
                                     Rochester, New York 14614
                                    (585) 546-1588
                                    burkwitesq@aol.com